IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **KRYSTAL KAY EASLEY,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 6:22-cv-285-JDK-KNM |
| § | |
| **COMMISSIONER, SOCIAL** § | |
| **SECURITY ADMINISTRATION,** § | |
| § | |
| Defendant. § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Krystal Kay Easley appeals a final decision of the Social Security Administration Commissioner. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636.

On October 10, 2023, Judge Mitchell issued a Report and Recommendation recommending that the Court affirm the Commissioner's final decision and dismiss this Social Security appeal with prejudice. Docket No. 17. Plaintiff filed objections. Docket No. 18.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other*

*grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In her objections, Plaintiff argues that the ALJ improperly failed to include accommodations for irritable bowel syndrome, Hashimoto's disease, and migraines in the residual functional capacity finding despite identifying these conditions as severe impairments. Plaintiff submits that the ALJ's RFC finding is deficient.

The ALJ identified Plaintiff's severe impairments to include irritable bowel syndrome, fibromyalgia, degenerative disc disease of the cervical spine, Hashimoto's disease, migraines, and pituitary adenoma. Docket No. 13-2 at *25. The ALJ determined that, with these severe impairments, Plaintiff retained the limited physical residual functional capacity to lift and/or carry 10 pounds occasionally and less then 10 pounds frequently, stand and/or walk for 2 hours in an 8-hour workday and sit for 6 hours in an 8-hour workday, and push and/or pull within he weight limits for lifting and carrying, with occasional climbing of ramps and stairs, no climbing of ladders, ropes, or scaffolds, occasional balancing, stooping, kneeling, crouching, and crawling and no concentrated exposure to hazards including unprotected heights and dangerous machinery. *Id*. at *26.

The analysis for identifying severe impairments is different than the residual functional capacity analysis. *Gutierrez v. Barnhart*, 2005 WL 1994289, at *9 (5th Cir. 2005); *Boyd v. Apfel*, 239 F.3d 698, 706 (5th Cir. 2001). To be severe, an impairment need only be more than a slight abnormality with more than a minimal effect on the claimant. *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985). The

residual functional capacity assessment concerns the claimant's specific capacity for work.  *Taylor v. Astrue*, 706 F.3d 600, 602–603 (5th Cir. 2012).

The record reveals that the ALJ properly considered the medical record, Plaintiff's subjective statements concerning her symptoms, and the medical opinions and prior administrative findings.  The ALJ pointed to specific evidence in the record showing no abdominal tenderness or ascites, Plaintiff's refusal of medication for irritable bowel syndrome, Plaintiff's reports of migraine relief with medication, Plaintiff's refusal of occipital nerve blocks, and imaging showing minimal cervical spondylosis.  The ALJ further noted that Plaintiff received only routine and conservative treatment for each of her severe impairments, without a need for surgical intervention or other invasive treatment.  The ALJ concluded that the objective examination findings, including full range of motion in all extremities, normal muscle strength, normal reflexes and a lack of motor or sensory deficits, as well as Plaintiff's demonstrated ability to care for herself and her home, do not support the severity of limitations asserted by Plaintiff.  Here, the ALJ properly considered Plaintiff's severe impairments in the residual functional capacity assessment and the ALJ's residual functional capacity finding is supported by substantial evidence.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 17) as

the opinion of the Court. The Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** this case with prejudice.

So **ORDERED** and **SIGNED** this **13th** day of **November, 2023.**

*[signature]*
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE